T.C. Memo. 2000-391

UNITED STATES TAX COURT

ROBERT C. GEIB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7109-98.            Filed December 28, 2000.

Robert C. Geib, pro se.

<u>Mark A. Ericson</u> and <u>Laurence D. Ziegler</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  By notice dated January 15, 1998, respondent
determined deficiencies in, and additions to, petitioner's
Federal excise taxes as follows:

| | Excise Taxes | | Addition to Tax |
|---|---|---|---|
| Year | Sec. 4975(a) | Sec. 4975(b) | Sec. 6651(a)(1) |
| 1988 | $409 | -- | $102 |
| 1989 | 901 | -- | 225 |
| 1990 | 1,897 | -- | 474 |
| 1991 | 3,160 | -- | 790 |
| 1992 | 4,809 | -- | 1,202 |
| 1993 | 6,660 | -- | 1,665 |
| 1994 | 8,737 | -- | 1,311 |
| 1998[1] | -- | $174,761 | -- |

[1] For the taxable period ending January 15, 1998.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issue is whether respondent is precluded from assessing the deficiencies and additions.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. When the petition was filed, petitioner resided in Akron, Ohio. During 1988 and 1990, petitioner was married.

During 1988 through 1990, petitioner was president, director, and majority stockholder (i.e., owner of at least 51 percent of the stock) of Cotter Merchandise Storage Co. (the company). The company maintained the Cotter Merchandise Storage Co. Defined Benefit Pension Plan (the plan), which met the requirements of section 401. Petitioner was a trustee and participant of the plan.

I.  Loans

Petitioner took unsecured loans, each bearing 12 percent annual interest and a due date of January 1, 1992, from the plan as follows:

| Date | Amount |
|------|--------|
| Mar. 1, 1988 | $62,000 |
| Mar. 7, 1988 | 20,000 |
| Apr. 16, 1990 | 10,000 |
| Apr. 19, 1990 | 100,000 |
| Apr. 20, 1990 | 6,000 |
| Apr. 30, 1990 | 6,000 |
| May 19, 1990 | 6,500 |

The plan allowed loans to participants but limited the amount of any loan, required a Qualified Waiver of Spouse from the participant taking the loan, and stipulated that the loan be secured by the participant's entire interest in the plan's trust fund.  Petitioner's loans were made in excess of the plan's amount limitations and without a Qualified Waiver of Spouse. Petitioner partially repaid the May 19, 1990, loan, but did not make any other repayments or file Form 5330, Return of Excise Taxes Related to Employee Benefit Plans.

II. Other Cases

On November 2, 1990, the company filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code (the bankruptcy case).  In the bankruptcy case, the Commissioner asserted a section 4971 deficiency against the company for

failure to satisfy the minimum funding standard pursuant to section 412.

In 1994, petitioner was indicted and charged with seven counts of bankruptcy fraud for unauthorized postpetition (i.e., after November 2, 1990) transfers of company funds and one count of embezzling, on April 19, 1991, approximately $100,000 from the plan (the criminal case). On August 22, 1995, petitioner entered into a plea agreement in which he pleaded guilty to three counts of bankruptcy fraud and the embezzlement charge.

## Discussion

Respondent determined that the loans were prohibited transactions pursuant to section 4975. Petitioner contends that respondent is precluded, pursuant to the Double Jeopardy Clause, see U.S. Const. amend. V, from assessing the deficiencies and additions.

I. Excise Taxes

Section 4975 imposes two tiers of excise taxes on a prohibited transaction. The first tier is 5 percent of the amount involved in a prohibited transaction for each year, or part thereof, in the taxable period. See sec. 4975(a). If the first-tier excise tax applies and the transaction is not corrected within the taxable period, a 100-percent second-tier tax is imposed on the amount involved. See sec. 4975(b).

The lending of money or other extension of credit between a plan and a disqualified person generally is a prohibited transaction. See sec. 4975(c)(1)(B). The plan lent money to petitioner, who failed to make full repayment when due. As a trustee, majority stockholder, president, and director, petitioner was a disqualified person. See sec. 4975(e)(2); Rutland v. Commissioner, 89 T.C. 1137, 1145 (1987) (stating that the determination of whether an individual is a disqualified person is made as of the time the loans originated).

Section 4975(d) provides that any loan made by a plan to a disqualified person who is a participant of the plan shall not be prohibited if the loan meets certain criteria (e.g., if the loan is available to all participants or beneficiaries on a reasonably equivalent basis, is made in accordance with specific plan provisions regarding loans, and is adequately secured). See sec. 4975(d)(1). Petitioner's loans do not meet the criteria because the loans were not made in accordance with specific provisions relating to the loans set forth in the plan (i.e., the loans were made in excess of the plan's amount limitations and without a Qualified Waiver of Spouse) and were not adequately secured. See sec. 4975(d)(1)(C), (E). Therefore, petitioner's loans were prohibited transactions to which the first-tier excise tax is applicable.

A prohibited transaction may be corrected by "undoing the transaction to the extent possible, but in any case placing the plan in a financial position not worse than that in which it would be if the disqualified person were acting under the highest fiduciary standards." Sec. 4975(f)(5). Where the prohibited transaction is the lending of money, the disqualified person may correct the transaction by repaying the principal plus reasonable interest. See Medina v. Commissioner, 112 T.C. 51, 55 (1999). Petitioner's partial repayment did not correct the transactions. Therefore, the second-tier excise tax is also applicable.

II. Preclusion

Petitioner contends that, following the criminal and bankruptcy cases, respondent's determinations "represent double jeopardy", and "no additional issues should arise." We disagree. The criminal case, the bankruptcy case, and the company's section 4971 deficiency do not relate to petitioner's loans. See United States v. Beaty, 147 F.3d 522 (6th Cir. 1998) (stating that double jeopardy protection applies to successive punishments for the same crime and taxes do not constitute criminal punishment). Consequently, we conclude that petitioner's contention is meritless, and respondent is not precluded from assessing the deficiencies and additions.

III.  Additions to Tax

Each disqualified person liable for section 4975(a) excise taxes relating to a prohibited transaction shall file Form 5330 relating to each taxable year, or part thereof, in the taxable period.  See sec. 6011; sec. 54.6011-1(b), Pension Excise Tax Regs.  Section 6651(a)(1) imposes an addition to tax for failure to file a required return, unless petitioner establishes that such failure is due to reasonable cause and not willful neglect. Petitioner failed to file excise tax returns for the years in issue and has failed to establish that he had reasonable cause not to file such returns.  Accordingly, petitioner is liable for the section 6651(a)(1) additions to tax.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.